IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH MARTIN, | ) |
| Petitioner, | ) |
| v. | ) Criminal No. 05-17 |
| UNITED STATES, | ) |
| Respondent. | ) |

## MEMORANDUM ORDER

Pending before the court is a "Request for an Order of Judicial Recommendation Pursuant to 18 U.S.C. § 3621(C) and Bureau of Prisons ("BOP") Policy Statement 7310.04 which Authorizes a Six Month (6) Half-way House Placement and Six Month (6) Home Confinement (CCC)" filed by petitioner Joseph Martin ("petitioner") on April 24, 2008. After reviewing petitioner's motion and the government's response and supplemental response, the court will dismiss petitioner's motion for lack of jurisdiction.

I.  Background

On November 14, 2005, petitioner pled guilty to production of false identification documents, in violation of 18 U.S.C. § 1028(a)(1-2) at count 2 of a superseding indictment filed at criminal number 05-17, aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) at count 4 of a superseding indictment filed at criminal number 05-17, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) at count 1 of an information filed at criminal number 05-330. (Docket No. 37.)

On February 17, 2006, petitioner was sentenced to 27 months imprisonment at count 2 and 24 months imprisonment at count 4 of the superseding indictment of Criminal Number 05-17, with such terms to be served consecutively, 36 months of supervised release, no fine and restitution of $91,422.08. (Docket No. 45.) The petitioner is currently serving the 51-month sentence imposed on that date.

On April 24, 2008, the petitioner, proceeding *pro se*, filed the pending motion (Docket No. 50) and the government filed a response (Docket No. 52) and supplement (Docket No. 53) thereto.

II.     Analysis

In effect, petitioner requests that the court modify his sentence by providing him with a judicial recommendation that would permit the Bureau of Prisons to authorize transitional orders enabling him to serve a portion of his sentence in a half-way house or home confinement. The government argues that the court lacks jurisdiction to modify defendant's sentence under Rule 35 of the Federal Rules of Criminal Procedure and United States v. Higgs, 504 F.3d 456 (3d Cir. 2007), and that after the sentence is imposed by the court, the Bureau of Prisons is the entity that implements the sentence. The government, however, recognizes that the court is permitted to make a non-binding recommendation to the Bureau of Prisons on behalf of defendant.

"Generally, a sentencing court may not modify a term of imprisonment once it has already been imposed." Sloan v. United States, No. 03-cr-72, 2008 WL 2020183, at *2 (W.D.Pa. May 8, 2008) (citing 18 U.S.C. § 3582(c); United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir.2005) ("Generally, a district court may not modify a term of imprisonment once imposed"); Quesada Mosquera v. United States, 243 F.3d 685, 686 (2d Cir.2001); United States v. Smartt, 129 F.3d 539, 540 (10th Cir.1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.")). Under 18

2

U.S.C. § 3582(c), a court may modify a prisoner's sentence only upon a motion for reduction by the Director of the BOP, as authorized by Rule 35 of the Federal Rules of Criminal Procedure or in the event that the prisoner was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c); see Sloan, 2008 WL 2020183, at *2-3. In this instance, the BOP has not recommended a reduction for petitioner and petitioner does not seek a reduction due to a change in the United States Sentencing Guidelines. The court also lacks jurisdiction to modify or correct petitioner's sentence under Rule 35 of the Federal Rules of Criminal Procedure at this time because Rule 35 provides that a correction must be made by the court within a seven-day period of the sentence being imposed. FED.R.CRIM.P. 35; see United States v. Higgs, 504 F.3d 456, 464 (3d Cir. 2007).

Based on the foregoing, it is HEREBY ORDERED that petitioner's motion is DENIED because the court lacks jurisdiction to modify petitioner's sentence.

The court also construes petitioner's motion as a request for a non-binding recommendation from the court to the BOP that petitioner be authorized to serve a portion of his sentence in home confinement pursuant to BOP Policy Statement 7310.04. "It is beyond question that the BOP is authorized to designate the place of a prisoner's imprisonment." United States v. Harris, No. Crim. A.02-385, 2004 WL 350171 at *1 (E.D.Pa. Feb. 10, 2004)(citing 18 U.S.C. § 3621(b)). The BOP is granted that discretion because the BOP is in the best position to evaluate whether petitioner meets the requirements for placement in any type of facility, including a half-way house or home confinement under Policy Statement 7310.04.

The court lacks knowledge about defendant's activities within the Bureau of Prisons and is not in a position to evaluate whether defendant meets the requirements set forth by the Bureau of Prisons to qualify for placement in a half-way house or home confinement. The court

therefore cannot offer a non-binding recommendation that the defendant be permitted to serve a portion of his sentence in a half-way house or home confinement pursuant to BOP Policy Statement 7310.04.

The court, however, will send a letter to Warden T.C. Outlaw of FCI Forrest City Correctional Institute to request that the Bureau of Prisons review defendant's file to determine if defendant qualifies for placement in a half-way house or home confinement.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

Dated: August 12, 2008


cc:  Counsel of Record

   Joseph Martin #08329-068
   Federal Correctional Institution
   P.O. Box 9000
   Forrest City, AK 72336